UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MANUEL GARCIA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:17-cv-02504-APG-PAL<br><br>**ORDER**<br><br>(Mot. Screening Order – ECF No. 3;<br>Mot. Appt. Counsel – ECF No. 9;<br>Mot. Ext. Time – ECF No. 14;<br>Mot. Dismiss Mot. – ECF No. 23;<br>Mot. Compel Answer – ECF No. 24) |

　　　　This matter is before the court on the Motion for Screening Order (ECF No. 3) by Defendants Las Vegas Metropolitan Police Department ("LVMPD"),[1] Sheriff Joe Lombardo, and Officer Brandon Prisbrey. Also before the court are Plaintiff Manuel Garcia's Motion for Appointment of Counsel (ECF No. 9), Motion to Extend Time to Serve Defendants (ECF No. 14), Motion to Dismiss Defendant's Motion for Screening Order (ECF No. 23), and Motion to Compel Answer to Complaint (ECF No. 24). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the motions, Garcia's Responses (ECF Nos. 10, 19), Defendants Naphcare, Inc. and Sunrise Medical Center's Joinders (ECF Nos. 5, 7), and LVMPD's Reply (ECF No. 23).

　　　　Mr. Garcia is a prisoner in the custody of the Nevada Department of Corrections. He is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. This case was brought pursuant to 28 U.S.C. § 1983, for claims regarding his medical treatment prior to transport to the Clark County Detention Center ("CCDC"). *See* Compl. (ECF No. 1-1) at 2–11. On May 5, 2017, Garcia filed his complaint in the Eighth Judicial District Court of Nevada, which subsequently granted his request to proceed *in forma pauperis* ("IFP"). The

---
[1] LVMPD was erroneously named in the complaint as the "Clark County Sheriff's Office."

1

complaint names as defendants LVMPD, Sheriff Joe Lombardo, Officer Brandon Prisbrey, Sunrise Medical Center, and Susanne Boozendaal, a physician who treated Garcia. Service was made on Defendants LVMPD, Lombardo, and Prisbrey on August 31, 2017, and they subsequently removed the case to this court. *See* Sept. 26, 2017 Petition for Removal (ECF No. 1); Joinders (ECF Nos. 5, 6).

I. **LVMPD'S MOTION FOR SCREENING ORDER (ECF NO. 3)**

Both 28 U.S.C. § 1915A and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, require federal courts to screen a prisoner's complaint before allowing the case to move forward and requiring defendants to file an answer or responsive pleading. *See Jones v. Bock*, 549 U.S. 199, 213–14 (2007). Thus, the court ordinarily screens prisoner complaints prior to service. *See* 28 U.S.C. § 1915A(a). However, when a defendant removes a prisoner's case to federal court, a screening order may be requested prior to the defendant filing an answer or responsive pleading, which would obviate the need for screening. *Cf. Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding"). A "prisoner" is defined as "any person incarcerated . . . who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). The Ninth Circuit has held that a plaintiff who is a prisoner "at the time the plaintiff files the complaint" is subject to the screening requirement. *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017).

Defendants ask the court to screen the complaint. They have not filed an answer or responsive pleading. The complaint seeks relief against a governmental entity, officer, and employee: LVMPD, Lombardo, and Prisbrey. Mr. Garcia was a "prisoner" incarcerated at the High Desert State Prison when he filed his complaint in May 2017. For these reasons, screening is appropriate under § 1915A and the PLRA. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended "to conserve judicial resources by authorizing district courts to dismiss non meritorious prisoner complaints at an early stage"). The court grants defendants' motion.

Due to the large number of civil actions pending before the court, the screening process may take several months to complete. It is difficult and time-consuming work for the court to produce a screening order that decides whether the complaint states a claim, and if not, to provide guidance to enable a pro se plaintiff to cure any noted defects and give an opportunity to file an amended complaint. The court has a large docket including a large number of prisoner civil rights cases. Criminal cases take priority and, in the absence of a true emergency,[2] all motions filed in civil cases are screened in the order in which they are filed. The court will screen Mr. Garcia's complaint in due course.

Additionally, the court notes that filing a duplicate motion will not speed up the court's review. The Federal Rules of Civil Procedure and the Local Rules of Civil Practice allow a motion, a response, and a reply. Supplemental responses are expressly prohibited without leave of court. LR 7-2(g); *see also Kanvick v. City of Reno*, 2008 WL 873085 at *1 n.1 (D. Nev. Mar. 27, 2008) ("The Federal Rules of Civil Procedure and the local rules of this court do not provide for second oppositions (essentially surreplies)…."). Mr. Garcia filed two Responses (ECF Nos. 10, 19) to the motion for screening order. His second response to the motion violates LR 7-2(g). Garcia also filed a Motion to Dismiss Defendant's Motion for Screening Order (ECF No. 23) and Motion to Compel Answer to Complaint (ECF No. 24), which assert he mistakenly left out the most important fact why defendants' motion for screening order is not meritorious. Thus, he essentially filed a *third* and *fourth* response to the motion in violation of LR 7-2(g). Filing duplicative papers like this increases the court's workload and generally delays decision while a new round of responses and reply deadlines run. The court will not permit parties to violate the rule prohibiting supplementation in a never ending attempt to have the last word. Any future supplements filed without leave of the court will be stricken from the record. Mr. Garcia is warned that continued duplicative motion practice may result in the imposition of sanctions, including dismissal of this case for engaging in abusive litigation tactics. The motions are denied.

In addition, the court denies Garcia's Motion to Extend Time to Serve Dr. Susanne

---

[2] LR 7-4 discusses the requirements for submitting emergency motions and notes that such motions "should be rare." *See also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 1137, 1144–45 (D. Nev. 2015).

3

Boozendaal (ECF No. 14). The court will not set a deadline for service until the complaint is screened and it is determined that a plaintiff states actionable claim(s) against one or more defendants. There is no deadline to extend at this time, and service is not authorized for any of the named defendants.

## II. GARCIA'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 9)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent a litigant proceeding *in forma pauperis*. *Id*. This statute does not require that the court appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015).

Garcia's motion asks the court to appoint counsel because his imprisonment will impede his ability to investigate and litigate his claims. Garcia received permission to proceed IFP in this case and he asserts he is unable to afford counsel. He has repeatedly attempted to retain counsel without success. Garcia asserts that legal issue in this case are complex and will require significant research and investigation. Counsel would assist him in presenting substantive and procedural issues to the court and ease the court's task of discerning the issues.

Mr. Garcia has not established that exceptional circumstances exist to justify the appointment of counsel. Based on the record, the court is unable to assess the likelihood of success of Garcia's claim on its merits. However, the facts alleged and legal issues raised are not especially

4

complex. Since commencing this action, Garcia has submitted numerous motions and filings to the court. He has demonstrated sufficient ability to write and articulate his claims. The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small. The motion is denied.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion for Screening Order (ECF No. 3) is **GRANTED**.
2. Plaintiff Manuel Garcia's Motion for Appointment of Counsel (ECF No. 9), Motion to Extend Time (ECF No. 14), Motion to Dismiss Motion for Screening Order (ECF No. 23), and Motion to Compel Answer to Complaint (ECF No. 24) are **DENIED**.
3. The Clerk of the Court shall **MAIL** Mr. Garcia an advisory letter for incarcerated litigants.
4. The court will screen Mr. Garcia's complaint in due course.

Dated this 8th day of March, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE