UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL GARCIA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:17-cv-02504-APG-PAL<br><br>**ORDER**<br><br>(Mot. Temp. Protective Order – ECF No. 28;<br>Mot. to Strike Notice – ECF No. 31;<br>Mot. Stay 2nd Am. Compl. – ECF No. 34;<br>Mot. Am. Compl. – ECF No. 36) |

Before the court are Plaintiff Manuel Garcia's Motion for Temporary Protective Order (ECF No. 28), Motion to Stay Second Amended Complaint (ECF No. 34), and Motion to Amend Complaint (ECF No. 36). Also before the court is Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Motion to Strike (ECF No. 31). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

## **BACKGROUND**

Mr. Garcia is a pro se prisoner in the custody of the Nevada Department of Corrections at the high Desert State Prison. This is a civil rights action arising from Garcia's allegations, pursuant to 28 U.S.C. § 1983, regarding his medical treatment prior to transport to the Clark County Detention Center ("CCDC"). Garcia filed his complaint in the Eighth Judicial District Court of Nevada, which subsequently granted his request to proceed *in forma pauperis* ("IFP"). The complaint names as defendants LVMPD, Sheriff Joe Lombardo, Officer Brandon Prisbrey, Sunrise Medical Center, and Dr. Susanne Roozendaal. Service was made on defendants LVMPD, Lombardo, and Prisbrey ("LVMPD Defendants") on August 31, 2017, and they subsequently removed the case to this court. Petition for Removal (ECF No. 1). Defendants NaphCare, Inc. and Sunrise Hospital joined the removal. Joinders (ECF Nos. 5, 6).

1

After removal, the LVMPD Defendants asked the court to screen Mr. Garcia's complaint before an answer or responsive pleading is required. ECF No. 3. The court granted the request and noted that the complaint would be screened in due course. Order (ECF No. 25). The parties have filed preliminary motions that are appropriate for decision before screening.

## DISCUSSION

### I. MOTION FOR TEMPORARY PROTECTIVE ORDER

Mr. Garcia's motion (ECF No. 28) seeks a court order requiring defendants to preserve all evidence related to the allegations in the complaint. He claims he filed the motion based on the defendants' suggestion that his complaint is frivolous and malicious. Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,[1] he asks the court to order the defendants to "hold or freeze" all documents, electronically stored information, video logs, X-rays, and any other data related to this action to preserve the evidence for trial. The defendants did not respond to this motion, and the deadline to do so has expired.

Rule 26 permits the court to issue a protective order for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion by a party or any person from whom discovery is sought. Fed. R. Civ. P. 26(c). The moving party must demonstrate good cause "for each particular document it seeks to protect" by showing that "prejudice or harm will result if no protective order is granted." *Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003). Rule 26 requires "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Beckman Indus., Inc. v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

"A duty to preserve information arises when a party knows or should know that the information is relevant to pending or future litigation." *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014). "Once a party knows that litigation is reasonably anticipated, the party owes a duty to the judicial system to ensure preservation of relevant evidence." *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1006 (D. Ariz. 2011). "The duty to preserve is triggered not only when litigation actually commences, but also extends to the period before litigation when a

---

[1] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

2

party should reasonably know that evidence may be relevant to anticipated litigation." *Pettit*, 45 F. Supp. 3d at 1105 (quotation omitted). The duty includes instituting a "litigation hold" on any document retention/destruction policies in effect. *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1070 (N.D. Cal. 2006); *Surowiec*, 790 F. Supp. 2d at 1006 (defense counsel is obligated to start a "litigation hold" when they receive correspondence threatening litigation).

Mr. Garcia's motion essentially asks the court to order the defendants to preserve evidence. The defendants have a legal to a duty to preserve all information relevant to this case. No "temporary protective order" is needed to trigger this duty. The defendants were on notice of their obligation to preserve evidence, at the very latest, when they were served with Garcia's complaint in the state court proceeding. The motion is granted to the extent the court will require defendants to comply with their legal duty to preserve evidence.

**II. MOTIONS TO STRIKE, STAY SECOND AMENDED COMPLAINT, AND AMEND COMPLAINT**

In September 2018, Garcia filed a Notice (ECF No. 30) in which he asked the clerk's office to file a "Second Amended Complaint." He did not receive leave of the court to amend prior to filing the notice or obtain the defendants' agreement to filing an amendment. The LVMPD Defendants filed a Motion to Strike (ECF No. 31), arguing that the Second Amended Complaint should be stricken from the record based on Mr. Garcia's failure to comply with any of the requirements imposed by Rule 15 or LR 15-1. *See also* Joinders (ECF Nos. 32, 33).

Rather than filing a response to the LVMPD Defendants' motion, Garcia filed a Motion to Stay Second Amended Complaint (ECF No. 34) in October 2018.[2] This motion asks the court to show him leniency as a pro se plaintiff and indicates his belief that he did not need permission to file the amendment. Thus, Mr. Garcia asserts that the court should "stay" his amendment and move forward with the screening process. The defendants did not respond to this motion, and the deadline to do so has expired.

A party may amend a pleading once "as a matter of course" within 21 days after serving it or within 21 days after service of a Rule 12 motion, whichever occurs earlier. Fed. R. Civ. P.

---

[2] Two weeks later, he filed an Errata (ECF No. 35) stating that his amendment should have been titled "First Amended Complaint."

3

15(a)(1). After the time for amendment as a matter of course has expired, plaintiffs may amend a complaint only by obtaining the court's permission or the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). If a plaintiff files his or her amended complaint without leave of court as required under Rule 15, it has no legal effect. *Ritzer v. Gerovicap Pharm. Corp.*, 162 F.R.D. 642, 644 (D. Nev. 1995) (citing *Hoover v. Blue Cross & Blue Shield,* 855 F.2d 1538, 1544 (11th Cir. 1988) (amended complaint had no legal effect because plaintiff improperly filed the amendment)).

In this case, the LVMPD Defendants were served in August 2017. Thus, time had expired for Mr. Garcia to file an amended complaint without obtaining the court's permission or the defendants' written consent. Garcia did not initially file a motion requesting permission to amend the complaint. The record does not indicate that the defendants consented to the amendment. Thus, the court will strike the Notice (ECF No. 30). Because Garcia has now requested permission to properly file an amended complaint, his Motion to Stay (ECF No. 34) is denied as moot.

In December 2018, Garcia filed a Motion to Amend Complaint (ECF No. 36) formally requesting leave to amend. Pursuant to Rule 15, he asserts that the court should grant leave to amend freely when justice so requires. He attached a proposed First Amended Complaint (ECF No. 36-1) to the motion and asks the court to screen the amendment. The defendants oppose Garcia's request. Resp. (ECF No. 37); Joinders (ECF Nos. 38, 39). They claim his motion should be denied because the parties are still awaiting the court's screening on his original complaint, and his request serves to further delay screening. Relying on *Walker v. Felker*, 2009 U.S. Dist. LEXIS 10127 (E.D. Cal. 2009), the defendants claim that Garcia's motion is unnecessary and may be moot because the court may grant him leave to amend in its forthcoming screening.

Although the decision to grant or deny a motion to amend is within the court's discretion, Rule 15 instructs courts to freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).; *see also Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."). "This liberality … is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The liberal policy favoring amendments is, however, subject to limitations. Leave to amend may be denied if there is a

showing of: (1) undue delay; (2) undue prejudice; (3) bad faith; (4) repeated failure to cure pleading deficiencies; or (5) the futility of amendment. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15— to facilitate a decision on the merits rather than on the pleadings or technicalities." *DCD Programs*, 833 F.2d at 186. Significantly, the party opposing amendment bears the burden of showing one of the permissible reasons for denying a motion to amend. *Id.* at 187.

Here, the defendants have not met their burden of demonstrating a permissible reason to deny Mr. Garcia leave to amend. The Response does not argue futility of amendment, bad faith, repeated failures to cure a pleading deficiency, or undue prejudice. Instead, the defendants argue that Garcia's motion "causes further delay in the parties' receipt of the Court's Screening Order on Garcia's initial Complaint." As noted in the Order (ECF No. 25) granting defendants' request for a screening order, the court has hundreds of active cases, including a large number of prisoner civil rights cases. Because of the large number of pending cases, "the screening process may take several months to complete." *Id.* at 3. Garcia was also warned against filing duplicative motions and responses in a never-ending attempt to get the last word because such filings increase the court's workload and "generally delays decision." *Id.* However, Garcia's motion is not duplicative. Rather, it attempts to cure the filing of an unauthorized amendment by complying with LR 15-1 and Rule 15. Garcia's motion and proposed amendment have not caused delay— the sheer number of cases requiring screening orders is the cause of any delay to date.[3] The court finds good cause to grant the motion and will therefore screen the proposed amended complaint.

Accordingly,

---

[3] In fact, there has been *no delay or prejudice* because the court has yet to begin screening and Garcia's motion has had no impact on these proceedings. *See M.D. by & through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 642–43 (9th Cir. 2016) (two-day delay in filing amended complaint did not prejudice defendants since the length of the delay and its potential impact on the proceedings were minimal). Furthermore, *Walker v. Felker*, 2009 U.S. Dist. LEXIS 10127 (E.D. Cal. 2009), does not support the defendants' position. There, the court denied as moot the plaintiff's motion to amend since it was filed one day before entry of a screening order granting leave to amend, but the court *still* screened the proposed amended complaint.

5

**IT IS ORDERED:**

1. The Motion for Temporary Protective Order (ECF No. 28) is **GRANTED** to the extent the defendants are ordered to comply with their legal duty to preserve evidence.
2. The Motion to Strike (ECF No. 31) is **GRANTED**. The Clerk of the Court is instructed to **STRIKE** the Garcia's Notice re: Second Amended Complaint (ECF No. 30) from the record.
3. The Motion to Stay Second Amended Complaint (ECF No. 34) is **DENIED** as moot.
4. The Motion to Amend Complaint (ECF No. 36) is **GRANTED**. The Clerk of the Court is instructed to **FILE** Garcia's First Amended Complaint (ECF No. 36-1).
5. The court will screen the First Amended Complaint.

Dated this 14th day of February, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE