UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 2:17-cv-02504-APG-PAL<br><br>**SCREENING ORDER**<br><br>(1st Am. Compl. – ECF No. 42) |

This matter is before the court for a screening of Plaintiff Manuel Garcia's First Amended Complaint (ECF No. 42). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Garcia is a pro se prisoner in the custody of the Nevada Department of Corrections at High Desert State Prison. This is a civil rights action arising from Garcia's allegations, pursuant to 28 U.S.C. § 1983, regarding his medical treatment prior to arrest and while incarcerated at the Clark County Detention Center ("CCDC"). Garcia filed his original complaint in the Eighth Judicial District Court of Nevada. The defendants subsequently removed the case to this court and requested a screening of Garcia's complaint before an answer or responsive pleading is required. ECF No. 3. The court granted the request and noted that the complaint would be screened in due course. Order (ECF No. 25). Garcia later received leave of the court to amend his complaint. The court will now screen his First Amended Complaint.

**I. SCREENING THE COMPLAINT**

Federal courts must screen any IFP complaint or amended complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary

1

screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its screening, the court must identify any plausible claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639 (9th Cir. 2018). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). When a court dismisses a complaint on the initial screening, the plaintiff is ordinarily given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A. Garcia's Factual Allegations and Claims for Relief**

The First Amended Complaint (ECF No. 42) names as defendants (1) Las Vegas Metropolitan Police Department ("LVMPD"), (2) Officer Brandon Prisbrey, (3) Sunrise Medical Hospital (the "Hospital"), (4) Sheriff Joe Lombardo, (5) Dr. Susanne Roozendaal, (6) NaphCare, Inc., and (7) "John Doe," a "NaphCare Doctor" who treated Garcia at CCDC. Mr. Garcia asserts that defendants violated his civil rights under the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, and committed intentional torts pursuant to state law.

The First Amended Complaint alleges that Garcia was significantly injured on January 3, 2016, in a motor vehicle accident that caused multiple bone fractures. 1st Am. Compl. at 5. Officer Prisbrey followed or transported Garcia to the Hospital. *Id.* The fractures caused Garcia great pain and necessitated intravenous morphine; thus, he was "psychologically discombobulated." *Id.* Dr. Roozendaal treated Garcia's injuries and diagnosed his ankle fracture. *Id.* He alleges Dr. Roozendaal should have admitted him to the Hospital to immediately receive corrective orthopedic surgery but Officer Prisbrey interfered. *Id.* Dr. Roozendaal followed the officer's direction and

discharged Garcia from the Hospital. *Id.*

Upon discharge, Officer Prisbrey transported Garcia to CCDC where he was booked on criminal charges. *Id.* at 5. Garcia was immediately admitted to CCDC's infirmary, which is administered by NaphCare. *Id.* at 6. He repeatedly requested that NaphCare facilitate a surgery on his ankle. *Id.* Doctor "John Doe" purportedly told Garcia that he would not refer him "for surgery transport to UMC due to lack of referal [*sic*] and due to costs associated with the necessary procedures." *Id.* Thus, Garcia was forced to apply traction and straighten out his own ankle. *Id.* He claims he repeatedly submitted medical requests but was denied grievance forms. *Id.* Garcia stayed in the CCDC infirmary from January 3 to February 4, 2016, after which he was moved to the infirmary at High Desert State Prison. *Id.* As a result of the defendants' misconduct, Garcia asserts that his right ankle is permanently disfigured, he has lost full mobility, and his ankle causes him excruciating pain. *Id.*

In Count I, Garcia claims that LVMPD, Officer Prisbrey, Sheriff Lombardo, the Hospital, Dr. Roozendaal, and NaphCare violated his Eighth and Fourteenth Amendment rights. Officer Prisbrey purportedly interfered with Garcia's medical treatment by instructing Dr. Roozendaal to discharge him. *Id.* Dr. Roozendaal allegedly prescribed surgery, but discharged Garcia in deliberate indifference to his medical needs. *Id.* at 5–6. NaphCare Dr. John Doe acted with deliberate indifference by refusing to send Garcia to surgery due to the cost of the procedure. *Id.* at 6. NaphCare was deliberately indifferent to his medical needs because he "was denied medically necessary and previously prescribed surgery" in order to save money. *Id.* In addition, Garcia alleges Sheriff Lombardo entered into a contract with NaphCare to save money knowing that NaphCare is the subject of numerous lawsuits/investigations for deliberate indifference to detainee's medical needs. *Id.* As chief policy maker, Sheriff Lombardo purportedly failed to create policies that ensure timely and adequate medical care to detainees at CCDC. *Id.*

Count II alleges a state law claim against all the defendants for gross negligence and/or negligence. *Id.* at 7.

In Count III, Garcia alleges that the defendants acted with reckless disregard and caused him substantial physiological/psychological pain and emotional distress. *Id.* at 8. Thus, he alleges

a state law claim against all the defendants for intentional infliction of emotional distress. *Id.*

In Count IV, Mr. Garcia alleges that LVMPD, Sheriff Lombardo, the Hospital, and NaphCare are principals who acted through their agents, Officer Prisbrey, Dr. John Doe, and Dr. Roozendaal. *Id.* at 9. As a result of the principals' negligent or reckless training and supervision of their agents, Garcia suffered substantial harm. Thus, he asserts a claim for supervisory liability.

In his request for relief, Mr. Garcia seeks $200,000 in compensatory damages for each count and various "exemplary" damages. *Id.* at 13.

**B. Legal Standard**

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable "basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Malicious claims are those "filed with the intention or desire to harm another." *King*, 398 F.3d at 1121.

The standard for determining whether a plaintiff has failed to state a claim under §§ 1915 and 1915A is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016) ("The phrase 'fails to state a claim upon which relief may be granted' from § 1915(g) purposely 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)'.") (quoting *Andrews*, 398 F.3d at 1121); *Washington v. L.A. County Sheriff's Dep't*, 833 F.3d 1048, 1055–56 (9th Cir. 2016). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be

---

[1] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

4

granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). For purposes of a Rule 12(b)(6) review, well-plead factual allegations are accepted as true, but vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007)).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). To avoid dismissal on a Rule 12(b)(6) review, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira*, 873 F.3d at 678 (quoting *Iqbal*, 556 U.S. at 678). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Id*. at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. The factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

**C. Analysis**

For the reasons discussed below, the court finds that certain counts alleged in the First Amended Complaint fail to state a plausible claim against one or more defendants. However, because it is possible that Mr. Garcia may be able to adequately allege those claims, if sufficient facts exist, the court will grant leave to amend the pleading deficiencies.

/ / /

5

1. Count I – Deliberate Indifference to Serious Medical Needs

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege: (1) his or her his civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausibly support each purported violation. *See, e.g.*, *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (defendants must personally participate in alleged rights deprivation to be liable under § 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id.* (citation omitted); *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 738 (9th Cir. 1987) ("In any section 1983 action, the first question is whether section 1983 is the appropriate avenue to remedy the alleged wrong.")

The Eighth Amendment prohibits the imposition of cruel and unusual punishments against state prisoners and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Pretrial detainees are similarly protected by the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979); *Olivier v. Baca*, 913 F.3d 852, 857–58 (9th Cir. 2019).[2] A pretrial detainee or prisoner's claim of inadequate medical care may state a plausible § 1983 claim if the alleged mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The court evaluates these claims under an objective

---

[2] Although the Fourteenth Amendment applies to pretrial detainees, rather than the Eighth Amendment, courts apply many of the same principles to both convicted prisoners and pretrial detainees. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010) (citing *Bell*, 441 U.S. at 537 n.16); *see also City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

6

deliberate indifference standard. *Gordon*, 888 F.3d at 1125 (citing *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc)). To state a plausible claim for inadequate medical care, a pretrial detainee must allege four elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."

*Id.*[3]

Mr. Garcia has adequately alleged that Officer Prisbrey, Dr. Roozendaal, and Dr. John Doe were deliberately indifferent to his serious medical needs. 1st Am. Compl. at 5–6. He alleges that Officer Prisbrey interfered with Garcia's medical treatment by instructing Dr. Roozendaal to discharge him. Dr. Roozendaal allegedly diagnosed Garcia's ankle fracture and prescribed surgery, but ignored the treatment plan by following Officer Prisbrey's instruction to discharge Garcia. Dr. John Doe refused to send Garcia to surgery due to the cost of the procedure. For screening purposes, Garcia's allegations state a plausible claim for inadequate medical care.[4]

### 2. Counts I and IV – Supervisor and Municipal Liability Under *Monell*

Count IV and a portion of Count I allege supervisory liability. 1st Am. Compl. at 5–6, 9. Mr. Garcia alleges that LVMPD, Sheriff Lombardo, the Hospital, and NaphCare are principals who acted with "reckless disregard" through their agents, Officer Prisbrey, Dr. John Doe, and Dr. Roozendaal. Garcia claims he suffered harm as a result of the principals' negligent or reckless training and supervision of their agents.

The failure to train or supervise government employees may serve as a basis for liability

---

[3] The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Gordon*, 888 F.3d at 1125 (citing *Castro*, 833 F.3d at 1071; *Kingsley v. Hendrickson*, --- U.S. ---, 135 S. Ct. 2466 (2015); *Graham*, 490 U.S. at 396). The " 'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)). Thus, a plaintiff must show "more than negligence but less than subjective intent—something akin to reckless disregard." *Gordon*, 888 F.3d at 1125.

[4] Garcia will be given an opportunity through discovery to identify Dr. John Doe. The claim of deliberate indifference to a serious medical need will proceed against Dr. Doe when Garcia learns the doctor's identity.

when the failure amounts to deliberate indifference to the rights of persons with whom the employees come into contact. *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006). However, liability under § 1983 only arises upon a showing of each defendant's "personal participation." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A defendant may be held liable as a supervisor under § 1983 only if he or she was personally involved in the constitutional deprivation or there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr*, 652 F.3d at 1207); *see also Iqbal*, 556 U.S. at 676 (noting that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

In addition, an entity may be found liable under § 1983 only when its policy, practice, or custom inflicts injury upon the plaintiff. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Local governments (such as cities, counties, and other municipalities) and their officials are "among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Miranda v. Clark County*, 319 F.3d 465, 469 (9th Cir. 2003) (en banc). In cases where a plaintiff alleges municipal liability, there must be a direct and causal link between a municipal policy, practice, or custom and the alleged constitutional deprivation. *City of Canton*, 489 U.S. at 385; *Monell*, 436 U.S. at 691 (concluding that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory").[5] "It is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference' to the constitutional rights" of the plaintiff. *Castro*, 833 F.3d at 1076 (quoting *City of Canton*, 489 U.S. at 392).

### a. LVMPD and Sheriff Lombardo

The First Amended Complaint adequately alleges a municipal liability claim against LVMPD and Sheriff Lombardo. 1st Am. Compl. at 5–6. Garcia alleges that LVMPD and Sheriff

---

[5] "Respondeat Superior" is a Latin phrase meaning "let the superior make answer." Black's Law Dictionary (10th ed. 2014). Under the legal doctrine of respondeat superior (also known as the "master-servant rule"), an employer or principal may be held liable "for the employee's or agent's wrongful acts committed within the scope of the employment or agency." *Id.*

Lombardo and entered into a contract with NaphCare to save money knowing that NaphCare is the subject of numerous lawsuits/investigations for deliberate indifference to detainee's medical needs. As chief policy maker, Sheriff Lombardo purportedly failed to create policies that ensure timely and adequate medical care to detainees at CCDC. However, Garcia's allegations do not state a plausible claim for failure to train or supervise. He alleges without factual support that LVMPD and Sheriff Lombardo's negligent or reckless training and supervision of their agents caused Garcia substantial harm.

### b. NaphCare

Mr. Garcia's allegations against NaphCare fail to state a plausible claim. Naphcare is a government contractor which provides healthcare for CCDC detainees and acts under color of law pursuant to § 1983. Garcia claims NaphCare was deliberately indifferent to his medical needs by denying him medically necessary and previously prescribed surgery in order to save money. He alleges he "repeatedly requested that NaphCare provide him with surgery" on his ankle. *Id.* at 6. However, Garcia indicates that Dr. John Doe is the specific individual who denied him surgery. He further alleges he repeatedly submitted medical requests but was denied grievance forms. *Id.* Garcia has not alleged that any particular Naphcare statement, policy, practice, decision, or custom exists that violates his constitutional rights or that Dr. John Doe's conduct was the result of Naphcare's failure to train or supervise. As such, there is no causal link between his alleged injury and a NaphCare policy or custom that was adhered to with deliberate indifference to the constitutional rights of CCDC's detainees. *See Castro*, 833 F.3d at 1076.

### c. The Hospital

Mr. Garcia alleges no facts to support a claim against the Hospital. As an initial matter, the court notes that the Hospital is ordinarily a private party, not a state actor. "A § 1983 claim can be brought only against a state actor." *Amistad Christiana Church v. Life is Beautiful, LLC*, 132 F. Supp. 3d 1246, 1251 (D. Nev. 2015), *aff'd*, 692 F. App'x 922 (9th Cir. 2017). Private parties who are not affiliated with a state or municipal government generally do not act under color of law. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Government action may be found only if "there is such a 'close nexus between the State and the

challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc) (quoting *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Second, the First Amended Complaint does not allege any conduct by the Hospital or plausibly establish the Hospital's knowledge of or acquiescence in that conduct. A plaintiff must plead that each defendant, through their "own individual actions, has violated the Constitution" to establish liability under § 1983. *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012). The absence of specific allegations is significant because a plaintiff must allege sufficient facts to "plausibly establish" the defendants' "knowledge of" and "acquiescence in" the unconstitutional conduct. *Id.* (citing *Starr*, 652 F.3d at 1206–07). Garcia alleges without factual support that the Hospital's negligent or reckless training and supervision of its agents caused him substantial harm. Merely naming the Hospital in the First Amended Complaint is the sort of "bald" and "conclusory" allegations the Supreme Court has determined are insufficient to establish liability under § 1983. *See Iqbal*, 556 U.S. at 679–80. Dismissal is appropriate where a complaint is devoid of allegations against a defendant. *See Starr*, 652 F.3d at 1209–11, 1216.

### 3. Count II – Gross Negligence and/or Negligence

Mr. Garcia alleges that the defendants' actions amounted to gross negligence and/or negligence pursuant to NRS 41.031. Compl. at 7. To state a claim for negligence in Nevada, a plaintiff must allege four elements: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Sadler v. PacifiCare of Nev.*, 130 Nev. 990, 995, 340 P.3d 1264, 1267 (2014); *Driscoll v. Erreguible*, 87 Nev. 97, 101, 482 P.2d 291, 294 (1971) ("Negligence is failure to exercise that degree of care in a given situation which a reasonable man under similar circumstances would exercise."). A claim for *gross* negligence is separate from a negligence claim. *Silver State Broad., LLC v. Crown Castle MU, LLC*, 2:18-cv-00734-GMN-VCF, 2018 WL 6606064, at *4 (D. Nev. Dec. 17, 2018); *Gaming v. Trustwave Holdings, Inc.*, 2:15-cv-02464-GMN-PAL, 2016 WL 5799300, at *6 (D. Nev. Sept. 30, 2016). For gross negligence, "a plaintiff must establish that the defendant failed 'to exercise even the slightest degree of care' in his

conduct." *Id.* (quoting *Hart v. Kline*, 61 Nev. 96, 116 P.2d 672, 673–74 (1941)).

As alleged, the First Amended Complaint fails to state an actionable negligence or gross negligence claim. 1st Am. Compl. at 5–6. Mr. Garcia fails to allege any facts showing a duty of care, the defendants' breached their duty, and the defendants' conduct was the legal cause of his injury, *i.e.*, elements two, three, or four. Thus, Garcia has not plausibly alleged a negligence claim under Nevada law. His conclusory allegations also fail to allege the defendants failed 'to exercise even the slightest degree of care' in his conduct." *See Hart*, 116 P.2d at 673–74. Accordingly, Garcia's allegations fail to provide the defendants' notice of their alleged wrongdoing.

### 4. Count III – Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress ("IIED") in Nevada, a plaintiff must allege: (1) the defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress," (2) the plaintiff "suffered severe or extreme emotional distress," and (3) "actual or proximate causation." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (quoting *Olivero v. Lowe*, 116 Nev. 395, 995 P.2d 1023, 1025 (2000)). A claim for IIED operates on a continuum: the less extreme the outrage, the greater the need for evidence of physical injury or illness from the emotional distress. *Chowdry v. NLVH, Inc.*, 109 Nev. 478, 483, 851 P.2d 459, 462 (1993). At the ends of this spectrum, conduct is extreme or outrageous if it is atrocious, beyond all possible bounds of decency, and utterly intolerable, *Kahn v. Morse & Mowbray*, 121 Nev. 464, 478 n.18, 117 P.3d 227, 237 n.18 (2005), and emotional distress is severe if it is so intense that no reasonable person could be expected to endure it, *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993). Initially, it is for the court to determine both whether the conduct alleged is extreme and outrageous and whether each plaintiff has suffered severe emotional distress. *Id.*

To establish severe emotional distress, the Nevada Supreme Court has held that a plaintiff must have "objectively verifiable indicia of the severity of [his] emotional distress," *Miller v. Jones*, 114 Nev. 1291, 1300, 970 P.2d 571, 577 (1998), which can take the form of medical or psychiatric treatment and prescribed medication. *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1268 (D. Nev. 2001) (discussing psychiatric care and prescription medication for depression and anxiety).

A plaintiff's subjective testimony is insufficient to establish severe emotional distress. *Miller*, 114 Nev. at 1300, 970 P.2d at 577.

Mr. Garcia's allegations are conclusory and fail to state a plausible IIED claim. The First Amended Complaint alleges the defendants "acted with reckless disregard" causing him "substantial physiological/psychological pain and emotional distress." 1st Am. Compl. at 8. This statement is conclusory and merely labels the defendants' actions as reckless and an injury as "emotional distress" to satisfy the IIED elements. Mr. Garcia's conclusory assertions, with no factual basis, do not state an IIED claim. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

## II. LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

If Mr. Garcia chooses to file a second amended complaint, he must do so by **March 22, 2019**. The second amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claims he has showing he is entitled to relief; and (3) a demand for the relief he seeks. Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper.").

Mr. Garcia should summarize the information he believes to be relevant as part of the supporting facts for each claim asserted in the second amended complaint. This means Garcia should avoid legal jargon and conclusions. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted in the amended complaint. *Iqbal*, 556 U.S. at 678 (Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Garcia is advised to support each of his claims with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Mr. Garcia should specifically identify each defendant to the best of his ability, clarify what

constitutional right he believes each defendant violated and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *Id.* A plaintiff must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

Mr. Garcia is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint or First Amended Complaint) in order to make the second amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the prior complaint. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in a second amended complaint, as in an original or first amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing,

**IT IS ORDERED**:

1. The Clerk of Court shall MAIL Mr. Garcia one blank form complaint for § 1983 civil rights actions along with the instructions for completing the form, one copy of the First Amended Complaint (ECF No. 42), and one copy of this Screening Order.
2. Garcia's claim for deliberate indifference to a serious medical need in Count I shall proceed as to Officer Brandon Prisbrey and Dr. Susanne Roozendaal.[6]
3. Garcia's claim for municipal liability in Count I shall proceed as to Las Vegas Metropolitan Police Department and Sheriff Joe Lombardo.
4. Defendant Sunrise Medical Hospital and Naphcare, Inc. are **DISMISSED without prejudice and with leave to amend by March 22, 2019**.

---

[6] Mr. Garcia's claim of deliberate indifference to a serious medical need also implicates NaphCare Dr. John Doe. Garcia will be given an opportunity through discovery to identify this unknown defendant. Garcia's claim shall proceed against Dr. John Doe when he learns the doctor's identity.

5. The claims for (i) gross negligence and/or negligence in Count II, (ii) intentional infliction of emotional distress in Count III, and (iii) failure to train or supervise in Count IV, are **DISMISSED without prejudice and with leave to amend by March 22, 2019**, if Garcia believes sufficient facts exist to allege those claims.

    a. The second amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

    b. Garcia shall clearly title the second amended complaint as such by writing "SECOND AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page and 2:17-cv-02504-APG-PAL in the space for "Case No.".

6. If Mr. Garcia chooses not to file a second amended complaint by **March 22, 2019**:

    a. The Clerk of Court will be instructed to issue summons for Defendant Susanne Roozendaal and Garcia will be directed to serve her with summons and the First Amended Complaint (ECF No. 42).

    b. Defendants Brandon Prisbrey, Las Vegas Metropolitan Police Department, and Sheriff Joe Lombardo will be ordered to file an answer or responsive pleading.

Dated this 20th day of February, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE