UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MANUEL GARCIA, | Case No. 2:17-cv-02504-APG-BNW |
| Plaintiff | |
| v. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendants | |

Presently before the Court is pro se plaintiff Manuel Garcia's second[1] motion for appointment of counsel (ECF No. 85), filed on March 26, 2020. Mr. Garcia requested a hearing. Defendants did not file a response. The Court held a hearing on June 16, 2020, where all parties were present.

**I.     Background**

Nevada state-prison inmate Mr. Garcia sues the Las Vegas Metropolitan Police Department, Sheriff Joseph Lombardo, Officer Brandon Prisbrey, and Dr. Susanne Roozendaal under 42 U.S.C. § 1983, alleging indifference to a serious medical need and municipal liability. Mr. Garcia now requests a court-appointed attorney, arguing that he has a tenth-grade education and no legal training, limited access to the prison's law library due to his segregation status, limited ability to complete investigations and discovery due to his incarcerated status, and has

---

[1] Mr. Garcia first filed a motion for appointment of counsel on October 12, 2017. ECF No. 9. The Court denied his motion. ECF No. 25.

unsuccessfully attempted to retain counsel.² ECF No. 85 at 5-6, 8. He also argues that he does not have his prior counsel's discovery-related records and documents, if any exist. *Id*. at 4. Finally, he argues that his case is complex because it involves multiple state entities, involves conflicting testimony, and requires expert testimony. *Id*. at 5, 7.

Defendants did not file a response.

**II.     Discussion**

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

---

² Mr. Garcia was a pro se plaintiff until Dan M. Winder filed a notice of appearance as Plaintiff's counsel on June 5, 2019. ECF No. 53. About nine months later, Mr. Winder moved to withdraw as counsel, citing irreconcilable differences. ECF No. 78. The Court granted Mr. Winder's motion to withdraw as Plaintiff's counsel, but also required that the parties meet and confer before Mr. Winder's withdrawal about how the case should move forward. ECF No. 80. After Mr. Winder withdrew, Mr. Garcia, "through a friend," phoned three attorneys requesting representation for Plaintiff. ECF No. 85 at 8. It appears that all three turned him down. *Id*.

Here, given that several of the claims that Mr. Garcia plead in his first amended complaint survived the Court's screening process, he has some likelihood of success on the merits. ECF No. 43 at 6-9.

The question of whether Mr. Garcia has been able to articulate his claims pro se "in light of the complexity of the legal issues involved" is less straightforward. Yet the reasons Mr. Garcia raises in his motion for appointment of counsel do not support appointing counsel. The Court will address each of the cited reasons in turn.

First, Mr. Garcia argues that he has a tenth-grade education and no legal training. ECF No. 85 at 6. However, this level of schooling does not establish whether he can articulate his claims pro se. This is because there are different ability levels for students who have achieved the same years of schooling, and Mr. Garcia has not shown how his tenth-grade education has prevented him from articulating his claims pro se. In fact, prior to retaining counsel, he successfully navigated the pleadings stage, which demonstrated his ability to articulate his claims without an attorney. His pro se filings have also been comprehensible and literate. Further, at the hearing, Mr. Garcia represented that he speaks, reads, and writes fluent English, and he has completed "a lot" of research for this case.[3] He also stated that he relies on other inmates who may know more than he does, but he reviews all filings before signing and submitting them to the Court.

Second, Mr. Garcia argues that he has limited access to the prison's law library due to his segregation status. *Id*. Additionally, at the hearing, Mr. Garcia stated that he is unable to

---

[3] The Court held a hearing on this motion, in part, because it was concerned by representations in the record that Mr. Garcia had language barriers and was not involved in the drafting of his filings. Trent Henrickson, an inmate who prepared Mr. Garcia's "Motion for Enlargement of Time to Respond to Defendants' Motion for Summary Judgement," stated, "Plaintiff[']s complaint was drafted on his behalf by another inmate, as is this motion. Due to that, he has language barriers, and is acutely ignorant in regard to the processes involved in this action. Plaintiff is relying heavily on assistance by inmates – further delaying the process[.]" ECF No. 94. Because Mr. Garcia filed two amended complaints, it was unclear to the Court whether another inmate wrote each of these amended complaints as well. It was further unclear to the Court what Mr. Henrickson meant when he stated that Plaintiff had "language barriers." Accordingly, the Court held a hearing to answer these and other questions it had relating to Mr. Garcia's ability to articulate his claims pro se in light of the complexity of the legal issues involved.

1    personally access the prison's law library, including LexisNexis, due to COVID-19 restrictions.
2    He stated that he has not been told when the law library would re-open, but that he would be
3    released from prison on July 12, 2020. The Court is deeply troubled by the suggestion that
4    Plaintiff may potentially be denied access to the law library because of his segregated status.
5    Prisoners have rights of access to the courts. *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). And
6    these rights include "access to a reasonably adequate law library for preparation of legal actions."
7    *Id*. at 578-79. These rights relating to access are not, however, the same as being unable to
8    articulate claims pro se in light of the legal complexities involved in the case. And, as noted
9    below, the Court is extending Mr. Garcia's time to respond to the motions for summary judgment
10   until after he is released to ensure that he can have access to the legal materials he needs.

11   Third, Mr. Garcia argues that he has a limited ability to complete investigations and
12   discovery due to his incarcerated status. ECF No. 85 at 5. Because this may be the reality for all
13   incarcerated persons, it does not rise to the standard of "exceptional circumstances."

14   Fourth, Mr. Garcia argues that he has unsuccessfully attempted to retain counsel. *Id*. at 8.
15   An inability to retain counsel does not rise to the standard of "exceptional circumstances."

16   Fifth, Mr. Garcia argues that he does not have his prior counsel's discovery-related
17   records and documents, if any exist. *Id*. at 4. Mr. Garcia stated at the hearing that he had not
18   reached out to his former attorney to obtain these records and documents. The Court advised Mr.
19   Garcia that he may write a letter to his former counsel to ask for a copy of his file. Accordingly,
20   at this time, the Court does not find this to be an exceptional circumstance justifying appointment
21   of counsel. However, as the Court noted at the hearing, if Mr. Garcia is unable to obtain his file
22   from his former counsel after requesting it and believes that it would be appropriate to file
23   another motion for appointment of counsel, he may do so.

24   Finally, Mr. Garcia argues that his case is complex because it involves multiple state
25   entities, involves conflicting testimony, and requires expert testimony. *Id*. at 5, 7. Any pro se
26   litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520,
27   1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331). Nonetheless, so long as a pro se litigant
28

can "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* As noted above, because Mr. Garcia successfully navigated the pleadings stage and his pro se filings, including the filing of this motion, he has demonstrated his ability to articulate his claims without an attorney.

Accordingly, the Court cannot find that Mr. Garcia demonstrated the exceptional circumstances required for the appointment of an attorney and will, therefore, deny his motion with leave to refile should he have additional, specific information for the Court to consider.

**IT IS THEREFORE ORDERED** that plaintiff Manuel Garcia's motion for appointment of counsel (ECF No. 85) is **DENIED without prejudice.** The Court also reminds Mr. Garcia that he must comply with all deadlines currently set in his case even if he refiles his motion for appointment of counsel.

**IT IS FURTHER ORDERED** that plaintiff Manuel Garcia's response to defendants Las Vegas Metropolitan Police Department, Joseph Lombardo, and Brandon Prisbrey's motion for summary judgment is extended to  August 15, 2020.

**IT IS FURTHER ORDERED** that plaintiff Manuel Garcia's response to defendant Susanne Roozendaal's motion for summary judgment is extended to August 15, 2020.

DATED: June 18, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE