UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL GARCIA, | Case No.: 2:17-cv-02504-APG-BNW |
| Plaintiff | **Order Granting Defendant Susanne Roozendaal's Motion for Summary Judgment** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | [ECF No. 92] |
| Defendants | |

Plaintiff Manuel Garcia crashed his car while attempting to flee from defendant Officer Brandon Prisbrey of the Las Vegas Metropolitan Police Department ("LVMPD"). Garcia was injured in the crash and was brought to Sunrise Medical Hospital, where he was diagnosed with a heel fracture. He was discharged from the hospital and taken into LVMPD's custody that same night. Garcia filed this suit against LVMPD, Joe Lombardo, Brandon Prisbrey, Sunrise Medical Hospital, and Susanne Roozendaal, D.O., who was his treating physician at Sunrise Medical Hospital.

Relevant to this order, Garcia sued Dr. Roozendaal for (1) deliberate indifference to his serious medical needs under 42 U.S.C. § 1983 and (2) intentional infliction of emotional distress. Dr. Roozendaal moves for summary judgment on the grounds that Garcia has not met his burden to present sufficient evidence to support his claims. Dr. Roozendaal further argues she is entitled to summary judgment because Garcia's claims arise out of professional negligence and he failed to file a medical expert affidavit as required by Nevada Revised Statutes § 41A.071. Garcia did not oppose the motion. Because Garcia has not pointed to evidence raising a genuine factual

dispute on essential elements of his claims, I grant Dr. Roozendaal's motion for summary judgment.

## I.  BACKGROUND

On January 3, 2016, Officer Prisbrey tried to pull Garcia over after observing him driving recklessly. ECF No. 90-1 at 2.  Garcia sped away from Officer Prisbrey and eventually crashed his car. *Id.*  Garcia was arrested for committing an offense involving a stolen vehicle, failing to stop upon signal of a peace officer, and recklessly driving with disregard of safety of person or property. *Id.* at 3–4.  Garcia was transported to Sunrise Medical Hospital because he complained of chest and foot pain. *Id.* at 3.

At the hospital, Garcia was evaluated by Dr. Roozendaal. ECF No. 92-2 at 2.  Dr. Roozendaal was working there through her employment with a private staffing company. ECF No. 92-3 at 3–4.  Dr. Roozendaal ordered x-rays of Garcia's right ankle, right foot, right knee, right hip, and chest. ECF No. 92-2 at 17–22.  She also ordered a CT scan of his cervical spine, brain, and abdomen. *Id.* at 23–26.  Garcia was ultimately diagnosed with a heel fracture. ECF Nos. 44 at 4; 92-2 at 20.  Garcia received pain medication, a splint for his foot, and crutches. ECF No. 92-2 at 6, 15–16.  Dr. Roozendaal believed Garcia's injury did not require admission to the hospital. ECF No. 92-3 at 14.

Dr. Roozendaal testified that upon discharge, she provided Garcia and Officer Prisbrey[1] with verbal and written instructions to follow up with an orthopedic surgeon within a few days. *Id.* at 9.  In contrast, Garcia states that Dr. Roozendaal told him that he should be admitted to the

---

[1] Garcia alleges in his second amended complaint that Officer Prisbrey was present when Garcia received his verbal and written instructions from Dr. Roozendaal. ECF No. 44 at 6.  Officer Prisbrey argues that it was "LVMPD personnel" but admits that he went to the hospital to check on Garcia's status. ECF No. 90 at 8.  For purposes of this motion, I will assume that Officer Prisbrey was the LVMPD personnel with Garcia when he received his discharge instructions.

hospital that night and receive corrective orthopedic surgery within two days. ECF No. 44 at 4. He further states that Officer Prisbrey instructed Dr. Roozendaal to discharge him, and she complied. *Id.* However, Dr. Roozendaal testified that the presence of a police officer did not affect her medical decision-making regarding Garcia's discharge. ECF No. 92-3 at 12. Additionally, Dr. Roozendaal's medical expert opined that Garcia's discharge from the hospital was consistent with the routine standard of care for Garcia's injury. ECF No. 92-7 at 30–31. Specifically, the medical expert stated that "all the standard of care requires for a closed comminuted calcaneal fracture is a splint, non-weight bearing status with crutches, pain medications, and a specific timely follow up" and Dr. Roozendaal met these standards of care. *Id.*

Garcia sues Dr. Roozendaal for (1) deliberate indifference to his medical needs under 42 U.S.C. § 1983 and (2) intentional infliction of emotional distress. ECF No. 44 at 4, 7. Garcia claims his untreated injury is now a permanent disability that causes him physical pain and requires a lifetime of physical therapy, counseling, and medication. *Id.* at 6, 8.

## II.    ANALYSIS

Summary judgment is appropriate when the pleadings and admissible evidence show there is "no genuine issue as to any material fact" and that the movant is "entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). When considering summary judgment motions, I must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

When the nonmoving party bears the burden of proving the claim, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the

nonmoving party's case, or (2) by demonstrating that the nonmoving party failed to make a sufficient showing establishing an essential element on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).  When a motion for summary judgment is unopposed, the moving party must still satisfy its burden to demonstrate the absence of any material fact. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 (9th Cir. 1994).

### A.  42 U.S.C. § 1983

Garcia claims that Dr. Roozendaal recommended he be admitted to the hospital that day and receive corrective orthopedic surgery within two days.  He asserts that Dr. Roozendaal was deliberately indifferent to his serious medical needs by complying with Officer Prisbrey's instructions to discharge him instead of admitting him to the hospital like she originally recommended.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011).  Because Garcia was a pretrial detainee at the time of his injury, his § 1983 claim arises under the Fourteenth Amendment. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).

To establish a claim for deliberate indifference to a pretrial detainee's medical need under the Fourteenth Amendment, the plaintiff must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of

  suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. Under the third element, the defendant's conduct must be "objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (citation and internal quotation marks omitted).

  Dr. Roozendaal satisfied her burden of negating an essential element of Garcia's claim by pointing to supporting evidence, including a medical expert affidavit, that her decision to discharge Garcia was objectively reasonable. Thus, the burden shifted to Garcia to establish a genuine issue still exists so that a reasonable jury could find her conduct was objectively unreasonable. Even viewing the evidence in the light most favorable to Garcia, there is no genuine factual issue whether Dr. Roozendaal's conduct was objectively unreasonable under the circumstances. Even if Officer Prisbrey influenced Dr. Roozendaal's decision, there is no evidence that discharging him was objectively unreasonable. Accordingly, I grant Dr. Roozendaal's motion for summary judgment on Garcia's § 1983 claim.

  **B. Intentional Infliction of Emotional Distress**

  Garcia alleges that Dr. Roozendaal's compliance with Officer Prisbrey's instructions to discharge him constitutes extreme and outrageous conduct and gives rise to his claim of intentional infliction of emotional distress (IIED). Dr. Roozendaal argues she was not influenced by Officer Prisbrey and she discharged Garcia because she felt it was appropriate.

  Under Nevada law, the tort of IIED has three elements: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress suffered by the plaintiff; and (3) actual or proximate

causation." *Jordan v. State ex. rel. Dep't of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 52 (Nev. 2005) (en banc), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008). To be extreme and outrageous, conduct must be "outside all possible bounds of decency" and be considered "utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotation marks and citation omitted).

Dr. Roozendaal met her initial burden by demonstrating that Garcia has not come forward with sufficient evidence to support his IIED claim. Specifically, Garcia has failed to provide evidence showing that Dr. Roozendaal's decision to discharge him was extreme or outrageous conduct that was outside all possible bounds of decency. Therefore, I grant summary judgment on Garcia's IIED claim.

**C.  Negligence**

Although Garcia did not explicitly state he was suing Dr. Roozendaal for professional negligence, he alleged in his second amended complaint that "once a patient-provider relationship is established, the provider is bound by law to exercise a high standard of skill and care," and that Dr. Roozendaal and other health care providers "acted recklessly by not ordering a treatment consistent with treating Garcia's injury." ECF No. 44 at 7. Dr. Roozendaal moves to dismiss Garcia's claim for professional negligence to the extent that one exists.

The gravamen of these factual claims sounds in professional negligence. *See Symborski v. Spring Mountain Treatment Ctr.*, 403 P.3d 1280, 1285 (Nev. 2017) (stating that the court "must look to the gravamen or 'substantial point or essence' of each claim rather than its form to see whether each individual claim is for medical malpractice" or some other claim). Professional negligence is defined in Nevada as "the failure of a provider of health care, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances by

similarly trained and experienced providers of health care." Nev. Rev. Stat. § 41A.015. I must dismiss a professional negligence action if the action is filed without a medical expert affidavit. Nev. Rev. Stat. § 41A.071.

Dr. Roozendaal satisfied her initial burden by demonstrating Garcia has not presented evidence to support his claim that she breached the standard of care, an essential element of his claim. Dr. Roozendaal also offered a medical expert affidavit negating Garcia's claim that she breached the standard of care. Thus, the burden shifted to Garcia, who failed to file a medical expert affidavit and did not provide evidence supporting the essential elements of a professional negligence claim. Accordingly, to the extent Garcia asserts a negligence claim, I grant Dr. Roozendaal's motion for summary judgment.

### III. CONCLUSION

I THEREFORE ORDER that defendant Susanne Roozendaal's motion for summary judgment (**ECF No. 92**) is **GRANTED.**

DATED this 18th day of February, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE