UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL GARCIA,<br><br>    Plaintiff<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendants | Case No.: 2:17-cv-02504-APG-BNW<br><br>**Order Granting Defendants' Motion for Summary Judgment**<br><br>[ECF No. 90] |

Plaintiff Manuel Garcia crashed his car while attempting to flee from defendant Officer Brandon Prisbrey of the Las Vegas Metropolitan Police Department (LVMPD). Garcia was injured in the crash and was brought to Sunrise Medical Hospital, where he was diagnosed with a heel fracture. He was discharged from the hospital and taken into LVMPD's custody that same night. Garcia filed this suit against LVMPD, Sheriff Joseph Lombardo, Officer Brandon Prisbrey, John Doe,[1] and Susanne Roozendaal, D.O.[2]

Garcia's claim against LVMPD, Sheriff Lombardo, and Officer Prisbrey (the LVMPD defendants) asserts deliberate indifference to his medical needs under 42 U.S.C. § 1983. Garcia also asserts against Officer Prisbrey a claim for negligence and intentional infliction of emotional distress (IIED). Finally, he asserts against LVMPD and Sheriff Lombardo claims for municipal

---

[1] Garcia asserted a deliberate indifference claim against an unidentified NaphCare or Clark County Detention Center doctor who treated his injury while he was in the infirmary. ECF No. 44 at 3-5. NaphCare, Inc. was dismissed without prejudice in Magistrate Judge Peggy Leen's screening order on February 20, 2019. ECF No. 43. Garcia did not reassert a claim against NaphCare in his second amended complaint. ECF No. 44.

[2] I granted summary judgment for all claims against Dr. Roozendaal on February 18, 2021. ECF No. 105.

liability and the negligent hiring, training, and supervision of Officer Prisbrey, John Doe, and Roozendaal. The LVMPD defendants move for summary judgment. LVMPD and Sheriff Lombardo do not move on Garcia's negligent hiring, training, and supervision claim.[3] Garcia did not oppose the motion.

I grant the motion on the deliberate indifference, negligence, and IIED claims because Garcia has not pointed to evidence raising a genuine factual dispute on essential elements of those claims. I cannot grant summary judgment on the state law negligent hiring, training, and supervision claim because the defendants did not move on it. However, I understand why the claim may have been overlooked, and it appears Garcia may have abandoned this case. I thus will grant the LVMPD leave to file another motion for summary judgment on the remaining claim.

I. BACKGROUND

On January 3, 2016, Officer Prisbrey tried to pull Garcia over after observing him driving recklessly. ECF No. 90-1 at 2. Garcia sped away from by utilizing the left shoulder to pass other vehicles on the I-15 northbound onramp from Spring Mountain Road. *Id.* Officer Prisbrey ended his pursuit but informed the Nevada Highway Patrol (NHP) of Garcia's vehicle description and approximate location. *Id.* NHP found Garcia's vehicle crashed into a boulder and was told by a

---

[3] The LVMPD defendants may have assumed that "Count IIII (sic)" was only about respondeat superior liability. ECF No. 44 at 9; *see also* ECF No. 42 at 9 (Magistrate Judge Peggy Leen not mentioning the state law claim in her screening order of the first amended complaint that had the same language). However, because Garcia is a pro se litigant, I must construe his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Garcia sufficiently asserted a claim against LVMPD and Sheriff Lombardo for negligent hiring, training, and supervision under state law. The LVMPD defendants' motion suggests they may have believed the screening order of the first amended complaint limited Garcia's causes of action. ECF No. 90 ("In its [screening order], this Court determined the following causes of action should proceed . . . ."). But Garcia was granted leave to amend his failure to train or supervise claim and he did so in his second amended complaint. ECF Nos. 43 at 14; 44 at 9.

2

witness that Garcia fled eastbound from the scene. ECF No. 90-2 at 2.  NHP troopers caught and arrested Garcia. *Id.*  NHP called for a medical unit after Garcia complained of leg pain. *Id.*

Shortly thereafter, Officer Prisbrey and his partner arrived at the scene and took over the investigation. *Id.*; ECF No. 90-3 at 13-15.  The medical unit also arrived and transported Garcia to Sunrise Medical Hospital at approximately 6:30 p.m.[4] ECF No. 90-4 at 22.  After concluding the investigation around 10:00 p.m., Officer Prisbrey went to the hospital to check on Garcia's status. ECF No. 90-3 at 17.

At the hospital, Dr. Roozendaal evaluated Garcia. ECF No. 92-2 at 2.  After several x-rays and CT scans, Dr. Roozendaal diagnosed Garcia with a heel fracture. ECF Nos. 90-5 at 6-10; 44 at 4.  Garcia received pain medication, a splint for his foot, and crutches. ECF Nos. 90-5 at 2-15; 92-2 at 6, 15-16.  Dr. Roozendaal discharged Garcia from the hospital into LVMPD's custody with verbal and written instructions to follow up with an orthopedic surgeon within several days. ECF No. 92-2 at 9.  Garcia alleges that Officer Prisbrey was present when he received the instructions from Dr. Roozendaal. ECF No. 44 at 6.  Officer Prisbrey testified that he does not remember if he had any contact with Garcia or Dr. Roozendaal while he was at Sunrise. ECF No. 90-3 at 17-18.

Garcia alleges that Officer Prisbrey interfered with his medical treatment by ordering Dr. Roozendaal to discharge him instead of admitting him for orthopedic surgery. ECF No. 44 at 4.  Dr. Roozendaal testified that the presence of a police officer did not affect her medical decision-

---

[4] Garcia alleges in his complaint that Officer Prisbrey transported him to Sunrise. ECF No. 44 at 4.  But Officer Prisbrey testified that he did not transport Garcia because he was a motorcycle officer and did not have a sidecar for prisoner transport. ECF No. 90-3 at 16-17.  The NHP report states that a medical unit transported Garcia to the hospital. ECF No. 90-2 at 3.

3

making regarding Garcia's discharge. ECF No. 92-3 at 12. She stated that Garcia's injury did not require admission to the hospital. *Id.* at 14.

Garcia was then transported to Clark County Detention Center (CCDC).[5] ECF No. 44 at 5. Upon arriving at CCDC, Officer Prisbrey filled out Garcia's booking paperwork. ECF No. 90-3 at 24-25. This was the last interaction Officer Prisbrey had with Garcia. *Id.* at 26-27. Garcia was admitted to the CCDC infirmary from January 3, 2016 to February 4, 2016. ECF No. 44 at 5. During this time, Garcia states that he was seen by John Doe, a NaphCare doctor, who would not refer him for surgery because of the costs associated with the procedure. *Id.* Garcia claims his untreated injury is now a permanent disability that causes him physical pain and requires a lifetime of physical therapy, counseling, and medication. *Id.* at 6, 8.

Garcia claims that LVMPD and Sheriff Lombardo were deliberately indifferent to his medical needs by entering into a contract with NaphCare because the company is the subject of numerous lawsuits for deliberate indifference to detainees and prisoners' medical needs. *Id.* at 5. He further claims that Sheriff Lombardo failed to create policies that ensure NaphCare provides adequate and timely medical care and failed to intervene during the deficient care. *Id.* Garcia also alleges that LVMPD and Sheriff Lombardo are liable for the constitutionally deficient actions of Officer Prisbrey, John Doe, and Dr. Roozendaal. *Id.* at 9. Last, Garcia alleges Officer Prisbrey was negligent and that he intentionally inflicted emotional distress. *Id.* at 6-8.

## II.     ANALYSIS

Summary judgment is appropriate when the pleadings and admissible evidence show there is "no genuine issue as to any material fact" and that the movant is "entitled to judgment as

---

[5] Garcia alleges that Officer Prisbrey transported him to CCDC. ECF No. 44 at 5. Officer Prisbrey testified that he did not transport Garcia to CCDC because he was a motorcycle officer and thus not able to transport prisoners. ECF No. 90-4 at 20-21.

a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). When considering summary judgment motions, I must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

When the nonmoving party bears the burden of proving the claim, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a sufficient showing establishing an essential element on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970). When a motion for summary judgment is unopposed, the moving party must still satisfy its burden to demonstrate the absence of any material fact. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 (9th Cir. 1994).

### A. 42 U.S.C. § 1983

#### 1. Officer Prisbrey

Garcia claims that Officer Prisbrey was deliberately indifferent to his medical needs by instructing Dr. Roozendaal to discharge him, thereby interfering with his medical treatment.[6] To state a claim under § 1983, "a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143,

---

[6] Officer Prisbrey testified he does not remember speaking with Dr. Roozendaal. ECF No. 90-3 at 17-18. Viewing the evidence in the light most favorable to Garcia for purposes of this order, I accept as true that Officer Prisbrey instructed Dr. Roozendaal to discharge Garcia.

5

1149 (9th Cir. 2011).  Because Garcia was a pretrial detainee at the time of his injury, his § 1983 claim against Officer Prisbrey arises under the Fourteenth Amendment. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).  To establish a claim for deliberate indifference to a pretrial detainee's medical needs under the Fourteenth Amendment, the plaintiff must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.  Under the third element, the defendant's conduct must be "objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotations and citation omitted).

Here, Officer Prisbrey has demonstrated that Garcia lacks sufficient evidence to show that Officer Prisbrey instructed Dr. Roozendaal to discharge Garcia and thereby put him at substantial risk of serious harm.  Officer Prisbrey did not arrive at the hospital until after Garcia received several imaging tests and treatment for his heel fracture, and Dr. Roozendaal provided verbal and written discharge instructions. ECF Nos. 90-3 at 17; 90-5 at 4-6.  Dr. Roozendaal testified that she discharged Garcia because she felt it was appropriate and that she was not influenced by a police officer. ECF No. 92-3 at 12, 14.  Thus, the burden shifted to Garcia to prove that a genuine factual dispute exists, but he did not present any evidence to do so.  I therefore grant summary judgment in favor of Officer Prisbrey.

    2. *LVMPD*

Garcia claims that LVMPD was deliberately indifferent to his medical needs under § 1983 by contracting with NaphCare despite knowing that the company provides

"constitutionally deficient care to detainees." ECF No. 44 at 2, 5. He further claims that LVMPD is municipally liable under § 1983 for negligently training Officer Prisbrey. *Id.* at 2. LVMPD argues that it is entitled to summary judgment because Garcia "has not produced any evidence that it had a policy, practice, custom, or scheme allowing its officers to deliberately ignore suspects' serious medical needs, that there was any failure to train, or that any final policy making individual was personally involved in preventing Garcia's medical treatment." ECF No. 90 at 11.

Municipalities can be liable under § 1983 for infringement of constitutional rights in four circumstances: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 693-95 (1978)). A municipality may not "be sued under a *respondeat superior* theory." *Id.* at 603 (citing *Monell*, 436 U.S. at 691)).

To state a claim for municipal liability, there must be a "direct causal link" between the municipal's policy, practice, or custom and the alleged constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 691. "It is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights'" of the plaintiff. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (en banc) (quoting *City of Canton*, 489 U.S. at 392).

The failure to train or supervise government employees may serve as a basis for liability when the failure amounts to deliberate indifference to the rights of persons with whom the employees come into contact. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006).

In § 1983 lawsuits, "supervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the complained-of constitutional deprivation; and 3) conduct that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000).

LVMPD argues that Garcia lacks evidence to support his § 1983 claims. There is no evidence that LVMPD had a deficient training program or that it had a policy, practice, or custom that caused Officer Prisbrey to interfere with Garcia's medical treatment. *See generally* ECF No. 44. There is no evidence that the final policy maker's decision to contract with NaphCare despite knowing that the company is the subject of deliberate indifference lawsuits and investigations was done with deliberate indifference to Garcia's medical needs. The burden therefore shifted to Garcia to show that a genuine dispute exists for trial, but he failed to point to any evidence to supports his claims. Accordingly, I grant summary judgment on Garcia's § 1983 claims against LVMPD.

### 3. Sheriff Lombardo

Garcia claims that Sheriff Lombardo was deliberately indifferent to his medical needs by contracting with NaphCare despite knowing that the company provides "constitutionally deficient care to detainees." ECF No. 44 at 5. He further claims that Sheriff Lombardo, as chief policy maker, failed to create policies that ensure adequate and timely medical care is administered to detainees at CCDC. *Id.* at 2. Sheriff Lombardo argues he is entitled to summary judgment because Garcia did not offer evidence that he personally participated in the alleged constitutional violations. ECF No. 90 at 11-12.

A defendant may be liable as a supervisor under § 1983 if (1) he is personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between the

supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotations and citation omitted). A causal connection can be established "by setting in motion a series of acts by others" or "by knowingly refus[ing] to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (alterations in original) (internal quotations and citation omitted).

   Sheriff Lombardo has shown that Garcia lacks evidence that he was personally involved in or caused Garcia's alleged constitutional violations. There is no evidence that Sheriff Lombardo failed to create policies that ensure adequate and timely medical care is administered to CCDC detainees, failed to intervene in Garcia's medical treatment, or participated in forming the contract with NaphCare. The burden therefore shifted to Garcia, who did not provide evidence showing a genuine factual dispute. Accordingly, I grant summary judgment on the § 1983 claims against Sheriff Lombardo.

   **B. Negligence**

   Garcia claims that Officer Prisbrey had a duty not to interfere with his medical treatment and breached that duty when he ordered Dr. Roozendaal to discharge him instead of admitting him for surgery. Garcia asserts that Officer Prisbrey's breach of that duty is the direct, contributing, or proximate cause of his pain and suffering and permanent injury. Officer Prisbrey moves for summary judgment because Garcia failed to allege any facts supporting his negligence claim beyond conclusory allegations.

   To state a claim for negligence in Nevada, a plaintiff must allege four elements: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach

was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1267 (Nev. 2014) (citation omitted).

Officer Prisbrey has shown that Garcia lacks evidence to support his negligence claim. The record is devoid of evidence that shows Officer Prisbrey's alleged instructions to Dr. Roozendaal were the legal cause of Garcia's injuries. In fact, Dr. Roozendaal testified that her decision to discharge Garcia was not influenced by Officer Prisbrey. ECF No. 92-3 at 12. Because Garcia failed to show a genuine factual dispute exists, I grant summary judgment on his negligence claim.

### C. Intentional Infliction of Emotional Distress

Garcia claims that Officer Prisbrey engaged in extreme and outrageous conduct that caused him substantial, debilitating physiological and psychological distress when he instructed Dr. Roozendaal to discharge him from the hospital. ECF No. 44 at 7-8. Officer Prisbrey argues there is no evidence indicating that his actions constituted extreme and outrageous conduct.

Under Nevada law, the tort of IIED has three elements: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress suffered by the plaintiff; and (3) actual or proximate causation." *Jordan v. State ex. rel. Dep't of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 52 (Nev. 2005) (en banc), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008). To be extreme and outrageous, conduct must be "outside all possible bounds of decency" and be considered "utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotations and citation omitted).

Officer Prisbrey has demonstrated that Garcia lacks evidence that Officer Prisbrey's conduct was extreme or outrageous. Even viewing the evidence in light most favorable to

Garcia, Officer Prisbrey at most told Dr. Roozendaal to discharge Garcia and she agreed. There is no evidence that this conduct was outside all possible bounds of decency or considered utterly intolerable in our society. Accordingly, I grant summary judgment on Garcia's IIED claim.

### III. CONCLUSION

I THEREFORE ORDER that the LVMPD defendants' motion for summary judgment **(ECF No. 90) is GRANTED**.

I FURTHER ORDER that LVMPD and Sheriff Lombardo may file either a new motion for summary judgment on the remaining claim or a proposed joint pretrial order by April 9, 2021.

DATED this 11th day of March, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE